UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.                                              DOCKET NO. CR-10-62-P-S

MATTHEW CLARK

### Affidavit of Matthew G. Clark

I, Matthew G. Clark, have personal knowledge of the facts stated below and, under penalty of perjury, hereby declare:

1. I live at in B ███████ Somerville, Maine, in a two family house.

2. I am an electrician by training and I operate an electrical business ███████, known as Matt's Electric

3. My mother, Fern Clark, also lives in ███████ Somerville, Maine, but in a separate and distinct part of the structure on the second floor.

4. I live on the top or third floor. My apartment has a separate kitchen and a separate bathroom.

5. My mother operated a breeding kennel from her portion of the structure on the second floor until January 2008 and in backyard kennels.

*Def. Mot. Ex. 1.*
*United States v. Clark*
*10-cr-62-P-S*

6. Each of the units has separate and distinct electrical service, and this is evident from ▆▆▆▆ Road.

7. The units are separated by doors and stairs. The doors have screening on them to keep her animals from my unit upstairs.

8. My sole participation in my mother's breeding kennel was to feed dogs at her request. The feeding of her animals was seldom but occasional; it was by no means a regular practice.

9. I had no other participation in the operations of the kennel. I did not take care of the animals by grooming them, or cleaning the cages, or lead dogs to dog runs.

10. I never maintained any of my mother's business records or financial records related to her kennel business.

11. I never sold or transferred any dogs or cats to other pet owners and in particular to Amy Moosic of New Hampshire.

12. My interaction with Christine Fraser, DVM, State Veterinarian, prior to January 2008 was limited to explaining to Dr. Fraser that I did not have authority to consent to her entry into my mother's part of the house to allow for an inspection without my mother's consent.

13. In response to a question from Dr. Fraser, I may have stated that I did not believe my mother had any cats or kittens.

14. I was present when Dr. Fraser and Thomas Eddy, ~~local Animal Control Officer~~ *then retired state animal inspector*, visited in 2005, and Mr. Eddy explained to Dr. Fraser that my apartment was separate and not related in any way to my mother's breeding kennel.

15. Although Dr. Fraser inspected my mother's breeding kennel in spring of 2005, she neither sought nor gained access to my separate apartment on the third floor.

16. I did not leave any photographs or lists of websites out in my apartment in plain view.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 18 July 2010

Matthew G. Clark

Then personally appeared before me the above named Matthew G. Clark and signed the foregoing declaration to be his own free act and deed.

Theodore G. Fletcher

Attorney at Law