UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 10-62-P-S |
| | ) | |
| MATTHEW G. CLARK | ) | |

## GOVERNMENT'S TRIAL BRIEF

On April 7, 2010, the federal grand jury sitting in Portland returned a two-count Indictment charging the Defendant, Matthew G. Clark, with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

**I.    STATUS OF THE CASE**

        A.    The Defendant waived his right to a jury trial on December 20, 2010.

        B.    Trial is scheduled to begin January 24, 2011. Four trial days have been reserved.

        C.    The government expects to call approximately seven to ten witnesses at trial and anticipates that its evidence will take approximately two days to present.

**II.    ANTICIPATED EVIDENCE**

Matthew Clark (hereinafter the Defendant) is an unmarried 59 year old Army veteran who resides in Somerville, Maine in a home he shares with his mother. The Defendant has lived at the residence since the mid 1990s. He is a self-employed electrician, a business he runs from the home. His mother operates a dog kennel at the residence. The Defendant maintains a bedroom on the second floor, while his mother maintains her bedroom on the first floor.

On January 18, 2008, State Veterinarian Dr. Christine Frasier, an employee of the Animal Welfare Program (AWP), which is an agency within the State Department of Agriculture, obtained a warrant to search the Clark residence for evidence of criminal cruelty to animals. That warrant was executed the next day by Dr. Frasier and other AWP employees, assisted by members of the

Lincoln County Sheriff's Office (LCSO). During the execution of that search warrant, Norma Worley of the AWP discovered in the Defendant's bedroom evidence relating to the possession of child pornography, which she called to the attention of a deputy with the LCSO who was at the search. Eventually Detective Robert McFetridge of the LCSO, who was not part of the original search team, responded to the residence, observed the items relating to child pornography, and applied for a second State search warrant permitting the search for and the seizure of items relating to the possession of child pornography. That second warrant expressly authorized the seizure of computer equipment and related storage devices. The execution of the second warrant resulted in the seizure of three computer towers, numerous VHS cassette tapes, and several compact and floppy storage disks, among other items. A third State search warrant was obtained some days later, specifically permitting the search of the contents of the computer hard drives and the disks for evidence of child pornography.

     Detective McFetridge reviewed the seized VHS cassettes and discovered items of evidentiary value on five of them (child pornography or erotica). Two of the cassettes carried the Sony brand mark, two a JVC brand mark, and the fifth carried no discernable brand marking at all. Detective McFetridge copied the items he deemed to be child pornography onto compact disks. He then transported the computer towers and the seized magnetic storage devices to the Maine Computer Crimes Unit (MCCU) for forensic examination on January 23, 2008. McFetridge also provided the MCCU with the compact disk recordings of some of the contents of the VHS tapes so that MCCU would submit those to the National Center for Missing and Exploited Children (NCMEC) for identification of the depicted children. The forensic exam was assigned to James Rioux of the MCCU, a retired Lewiston police detective on contract with the Unit. Rioux

examined the computer towers and prepared a forensic report.[1] The computers were returned to the LCSO. Near the end of 2008, James Rioux died. Prior to his death, Rioux sent a request to NCMEC asking for the identification of the children depicted in the VHS videos that Detective McFetridge had copied to compact disks, as well as of certain images that Rioux located on the computer hard drive during his forensic exam.

      The computers were returned to the MCCU by Detective McFetridge on August 26, 2009, so that the MCCU forensic examiner to whom the case was reassigned, Lewiston Detective Scot Bradeen, could perform his own examination of the computers. His examination, which culminated on August 31, 2009, revealed that one of the computers contained numerous child pornography still images and videos. Three images and one video were contained in the computer's recycle bin, indicating that they had been deleted by the computer's user. Other images and videos were recovered from unallocated space on the computer's hard drive, suggesting that the images and videos had been deleted previously. Detective Bradeen also found numerous deleted Internet Explorer history entries that showed the computer user had accessed local files with file names suggestive of child pornography and performed Internet searches for terms that would likely lead to web sites containing child pornography.

      A pediatric endocrinologist examined some of the still and video images of persons depicted in sexually explicit conduct which were recovered from the VHS tapes and the computer hard drive, and concluded that several were under the age of 18 at the time they were filmed or photographed. The government plans to offer the testimony of one or more police detectives or federal law enforcement agents who were involved in the investigation of the sexual

---

[1] That report has been disclosed to the defense but the government will not rely upon it at trial.

exploitation of the children depicted in some of the still and video images discovered on the computer hard drive and the VHS tapes in the defendant's bedroom.

### III. STATUTE AND ELEMENTS

Counts One and Two of the Indictment charge that on about January 19, 2008, the Defendant knowingly possessed videotape and a computer that each contained one or more images of child pornography that had been transported in interstate or foreign commerce, and that were produced using materials that had been transported in interstate or foreign commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B). This statute provides in pertinent part:

> Any person who … knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer,

shall be guilty of a crime.

To find the Defendant guilty of these charges, the government must prove that (1) the Defendant knowingly possessed the videotape and the computer; (2) these items each contained at least one image of child pornography; (3) the Defendant knew they contained images of child pornography; and (4) the child pornography had been transported in interstate or foreign commerce, or had been produced using materials that had been transported in interstate or foreign commerce. *See* Judge D. Brock Hornby's 2010 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit ("First Circuit Pattern Instructions") § 4.18.2252 (12/23/2010 D. Me. internet site ed.).

### A. Proof of Child Pornography

An image constitutes child pornography within the meaning of the statute if it depicts a minor engaging in sexually explicit conduct. 18 U.S.C. § 2256(8)(A). A minor is a child under the age of 18 years. 18 U.S.C. § 2256(1). "Sexually explicit conduct" includes actual or simulated sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or lascivious display of the genitals or pubic area of a person. 18 U.S.C. § 2256(2). To determine if an image constitutes a "lascivious display" within the meaning of the statute, the Court may, but is not required to, consider six factors:

(1) Whether the genitals or pubic area are the focal point of the image;

(2) Whether the setting of the image is sexually suggestive (*i.e.*, a location generally associated with sexual activity);

(3) Whether the child is depicted in an unnatural pose or inappropriate attire considering his or her age;

(4) Whether the child is fully or partially clothed, or nude;

(5) Whether the images suggests sexual coyness or willingness to engage in sexual activity; and

(6) Whether the image is intended or designed to elicit a sexual response in the viewer.

*United States v. Amirault*, 173 F.3d 28, 31 (1st Cir. 1999); First Circuit Pattern Instructions § 4.18.2252.

In the absence of direct evidence to the contrary, the government is not required to introduce expert testimony that the children depicted in the images are actual children. *See United States v. Rodriguez-Pacheco*, 475 F.3d 434, 440-41 (1st Cir. 2007); *United States v. Hoey*, 508

F.3d 687, 691 (1st Cir. 2007). The factfinder is permitted to make that determination from the images alone. *Rodriguez-Pacheco*, 475 F.3d at 441.

The government is not required to prove that the Defendant knew the precise contents of the images transported or possessed, or knew that the pictures were illegal under federal law. Rather, it must only be shown that he knew the images were child pornography. *See United States v. Brown*, 862 F.2d 1033, 1037-38 (3d Cir. 1988).

### B.     Interstate Commerce

To satisfy the interstate commerce element of the offense, the government may prove that the visual depictions were transmitted over the Internet. *See United States v. Lewis*, 554 F.3d 208, 215 (1st Cir. 2009); First Circuit Pattern Instructions § 4.18.2252.[2] Circumstantial evidence may be used to establish this fact. *See, e.g., United States v. Dodds*, 347 F.3d 893, 900 (11th Cir. 2003).

An alternative method of satisfying the interstate commerce element is to prove that the child pornography was produced using materials that moved in interstate commerce. First Circuit Pattern Instructions § 4.18.2252 n.9. The utilization of computer disks manufactured overseas to copy or download images of child pornography satisfies this jurisdictional element. *United States v. Anderson*, 280 F.3d 1121, 1123 (7th Cir. 2002), *cert. denied*, 537 U.S. 1176 (2003); *United States v. Guagliardo*, 278 F.3d 868, 870-71 (9th Cir. 2002), *cert. denied*, 537 U.S. 1004 (2002). An image is "produced" when it is copied using computer equipment that has traveled in interstate commerce. *United States v. Angle*, 234 F.3d 326, 341 (7th Cir. 2000), *cert. denied*, 533 U.S. 932 (2001). *See also United States v. Schene*, 543 F. 3d 627 (10th Cir. 2008).

---

[2] Section 2252A(a)(5)(B) has been amended to expand the jurisdictional coverage of the statute by replacing all instances of "in interstate" with "in or affecting interstate commerce." *See United States v. Lewis*, 554 F.3d 208, 216 (1st Cir. 2009) (discussing amendment). This amendment occurred following the conduct at issue in this case, however.

The use of a camera and of film that had been shipped in interstate commerce to produce photographs depicting child pornography satisfies the jurisdictional element of the statute. *United States v. Robinson*, 137 F.3d 652, 654 (1st Cir. 1998).[3] The government is not required to prove that the Defendant knew the child pornography had been transported in interstate commerce. *See id.* at 655.

## IV.     EVIDENTIARY ISSUES

The government has notified defense counsel that it intends to present the testimony of Detective Scot Bradeen of the Lewiston Police Department and Maine Computer Crimes Task Force. Detective Bradeen will testify regarding the forensic analysis he performed of the computer found in the Defendant's bedroom. A summary of Detective Bradeen's testimony has been provided to defense counsel. The government has also notified defense counsel that it intends to present testimony of Dr. Jerrold Olshan, a pediatric endocrinologist, who will opine on the minority of several persons depicted in various videos and still images offered in evidence. A report summarizing the expected content of the doctor's testimony has been provided to defense counsel. Defense counsel has indicated that the Defendant intends to present the testimony of Tami Loehrs, a computer forensic examiner. A report describing Ms. Loehrs' forensic analysis has been provided to government counsel. The government reserves the right to seek to exclude Ms. Loehrs' testimony under Rules 702-705 of the Federal Rules of Evidence.

---

[3] While *Robinson* addressed the provision in 18 U.S.C. § 2252(a)(4), the interstate commerce element is essentially identical to that of § 2252A(a)(5), which is what the Defendant herein is charged under.

## V.     STIPULATIONS

The parties have agreed to stipulate that Sony and JVC videotapes and Maxtor computer hard drive found in the Defendant's bedroom were not manufactured in the state of Maine and therefore traveled in interstate commerce prior to being seized from the Defendant.

## VI.    CONCLUSION

This brief has addressed some of the issues that might arise at trial. The government requests leave of Court to file other additional memoranda of law that may be necessary or appropriate as the January 24, 2011 trial approaches.

Dated at Portland, Maine this 7th day of January, 2011.

Respectfully submitted,

THOMAS E. DELAHANTY II
United States Attorney


   /s/ Richard W. Murphy
   /s/ Craig M. Wolff
Assistant United States Attorneys

**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2011, I electronically filed the above Government's Trial Brief with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Theodore G. Fletcher, Esq.
law@tgfletcher.us**

                                  THOMAS E. DELAHANTY II
                                  United States Attorney

                                  /s/ Craig M. Wolff
                                  Assistant United States Attorney
                                  United States Attorney's Office
                                  100 Middle Street
                                  Portland, Maine 04101
                                  (207) 780-3257
                                  craig.wolff@usdoj.gov