UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.                                                                DOCKET NO. CR-10-62-P-S

MATTHEW G. CLARK

### DEFENSE TRIAL BRIEF

Now Comes Matthew G. Clark ("Mr. Clark"), by and through his counsel, Theodore G. Fletcher, and submits his Trial Brief in compliance with the court's amended Scheduling Order of December 20, 2010 and Local Rule 157.2.

On April 7, 2010, the federal grand jury sitting in Portland returned a two count indictment against Mr. Clark, charging him with possession of child pornography under 18 U.S.C. 2252A (a) (5) (B) and (b) (2). Count One asserts that Mr. Clark possessed child pornography on one or more of five videotapes. The second count asserts that Mr. Clark possessed child pornography on one of his computer hard drives.

This brief discuses some preliminary history of the case. It then analyzes both counts with respect to the evidence the defense anticipates the Government intends to introduce for each of those counts and presents its anticipated defenses to those counts.

I. History and Background of Case.

The defendant's house was subject to a search warrant executed on January 18, 2008 as part of a Maine Animal Welfare investigation of Mr. Clark's mother, Fern Clark, for cruelty to animals and illegally operating a commercial kennel. As part of the search,

the state animal control officers and veterinarians entered Mr. Clark's "dwelling space" and in the course of searching through papers discovered photographs and lists that they thought gave an inference of possession of child pornography. A second warrant was sought and executed on Mr. Clark's possessions, and then a third warrant was executed to search and examine his computers. The legality of the searches has been extensively litigated in the Maine courts and in this court. Mr. Clark will not rehearse those issues here, having preserved them for appeal and believing that this court is well aware of them.

II  Count I – Videotapes

The Government indicates that it intends to introduce one or more of the following seven video files that it asserts were found on videotapes recovered from Matthew Clark's bedroom or apartment:

VTS_08_11.VOB
VTS_01_2.VOB
VTS_01_21_Part2.VOB
VTS_05_1.VOB
VTS_06__1.VOB
VTS_01_18.VOB
VTS_01_19.VOB

Because three of these video files are continuations of three others, they can best be considered as four videos. I 08_11; II 01_2 & 01_21; III 05_1 & 06_1, and IV 01_18 & 01_19.

In addition to insisting that the Government prove all of the elements of possession of child pornography each these files, the Defense expects to raise the following issues:

A. Interstate Commerce

The Government might introduce into evidence five videotapes. Four of those videotapes are made by Sony or JVC and were in interstate commerce. One of those tapes has few if any identifying markings, and the Government thus far has not provided discovery that the videotape was manufactured outside or Maine or otherwise was in interstate commerce. The Government has not indicated which video files that it intends to introduce were found on which videotape.  Thus the Defense argues that it has not established that each of these video files were in interstate commerce. The Defense recognize that CP videos may have been found on more than videotape, thereby undercutting this defense, but thus far the defense is unaware or unable to establish which video clip was on which videotape.

Mr. Clark anticipates that the Government will call Detective McFetridge to establish chain of title of videotapes. The defense intends to cross-examine Mr. McFetridge closely on these issues.

B. Age of Actors in the Video clips

The Government plans to introduce testimony and evidence that the actors in the videotapes were children under the age of eighteen years old. It will do this through identification of some the files with National Center for Missing and Endangered

3

Children (NCMEC) reports and the testimony of an FBI agent Secondarily it will seek to establish the ages of the actors through the testimony of the pediatric endocrinologist, Jerrold Olshan, PhD.

NCMEC – SA Brelsford. The defense asserts that the Government will be asking for near blanket reliance on NCMEC as business records when the NCMEC reports them selves plainly state: "The following does not constitute verification of the identity of the child. It is the responsibility of the investigator/prosecutor to contact the listed law enforcement agency for verification of image and age verification of the child." See e.g. U.S. v. Clark, Gov't Discovery p. 8.

In particular, the defense anticipates that Special Agent Brelsford will attempt to identify VTS_08_11.VOB with the "Dalmations" series as identified in the NCMEC database. Brelsford will then attempt to confirm the age the actor. The defense intends to examine SA Brelsford closely about the limits of his personal knowledge of this specific video file, the limited extent of his knowledge about NCMEC generally and it's ability to determine the age of actors, and the extent of his knowledge about the age of this specific actor.

The defense will also challenge any reliance the Government may place on SA Brelsford to identify actors in other video files that he has not had personal knowledge of, or if he merely testifies to NCMEC standard procedures, or other circuitous methods of introducing and authenticating other evidence regarding the age of the actors.

Tanner Scale – Jerrold Olshan, M.D. Counsel for the defendant is reviewing Dr. Olshan's professional and academic papers and books and be examining Dr. Olshan on

his credentials. The defense also will be cross examining Dr. Olshan on the basis of his expert opinions, challenges to the Tanner Scale, the development of Eastern European and Asian children versus that of western country, the margin of error in the Tanner Scale for establishing the age of the actors, and related scientific and evidentiary issues. In particular, Mr. Clark questions how a clinician can establish the age of an actor from a photo or video. The indicia of post-pubescent maturity that serve as the basis of the Tanner Scale can be and are easily manipulated through shaving and depilation of the pubic area, and estimates of genital size are approximate at best in the context of a wide range of human variation.

At this point, Mr. Clark does not anticipate calling his pediatric endocrinologist consultant, Diane Stafford, M.D. of the Harvard Medical School, to testify as an expert witness to rebut Dr. Olshan's proffered opinion.  Nor has Dr. Stafford examined the government's evidence nor produced a report. Dr. Stafford provided counsel helpful background information on the etiology of the Tanner Scale and general information on adolescent physical development and the ability to determine age.

C. Possession. Mr. Clark may present testimony to the effect that he did not have exclusive control of his living space, notwithstanding his best efforts and his representations during the Motion to Suppress.  Mr. Clark has lived in the family house since 1994, albeit in what he characterizes as separate living quarters. During these sixteen years, Mrs. Clark has provided housing for numerous other immediate and extended family members and friends, including Mr. Clark's disabled brother, David, Mr

5

and Mrs. Giles, and other individuals. Mr. Clark <u>may</u> present testimony that his living quarters was used for family storage, inasmuch as he lives in the attic of the house.

Count II – Computer Hard Drive

Mr. Clark experts that the remaining CP files the Government will introduce will have allegedly come from the defendant's computer hard-drive. Those files include ten still images and video files.

The still Images are as follows:

| Pic # | File Name | NCMEC Series |
|---|---|---|
| 1 | Recovered Suspected Child Pornography\Unallocated Clusters-Offset 108003328.jpg | Andrew |
| 2 | Recovered Suspected Child Pornography\Unallocated Clusters-Offset 450588672.jpg | Bianca |
| 3 | Recovered Suspected Child Pornography\Unallocated Clusters-Offset 695025664.jpg | Uhlig |
| 4 | Recovered Suspected Child Pornography\Unallocated Clusters-Offset 847441920.jpg | Uhlig |
| 5 | Recovered Suspected Child Pornography\Unallocated Clusters-Offset 865349632.jpg | Hotel |
| 6 | Recovered Suspected Child Pornography\Unallocated Clusters-Offset 977846272.jpg | Miwi-Chris |
| 7 | Recovered Suspected Child Pornography\Unallocated Clusters-Offset 695304192.jpg | Hotel |

| 8  | Recovered Suspected Child Pornography\Unallocated Clusters-Offset 1050099712.jpg | Privat Shots |
| 9  | Recovered Suspected Child Pornography\Unallocated Clusters-Offset 2515083264.jpg | Sabban |
| 10 | Suspected Child Pornography\Saturday, January 05, 2008 (3).max | N/A |

The defense expects that the Government will introduce into evidence one or more of the following six video files:

1. 0-0d2948ed87c86elf4729
2. 0-7b321133fe3d6e47235e
3. 0-bb556830485db0ba6cd1
4. 0-da85dcdf5ec14e27c75f
5. 0-la82197d4dc31164053f
6. Dc7.mpg

    A. Computer Files are Located in "Unallocated" or "Cache" Space.

All of the computer files were found in unallocated space or cache space on the computer hard drive. Mr. Clark will call Tami Loehrs, EnCE, ACE, who will testify that these computer files were in unallocated space and thus Mr. Clark did not have access to them or knowledge of them. Ms. Loehrs also will testify why she believes the location of the files casts into doubt the Government's position the Mr. clark knowlingly possessed these CP images. Ms. Loehrs will explain for the court the nature of the computer evidence and the evidentiary inferences that can be drawn from it. She will further explain that her examination recovered exculpatory evidence. Ms.Loehrs has produced

an expert report that has been provided to the Government and that Mr. Clark anticipates introducing into evidence.

      B.      Mr. Clark will also challenge the still and movie images on the ground that the Government must show that the images are real children and not composite or virtual images. *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002). Just because an actor can be matched with a child in the NCMEC database does not necessarily establish that the image as a whole is a real child and not a composite or virtual image.

III. Motions in Limine

Mr. Clark will be filing two Motions in Limine. The first will seek to exclude evidence of Mr. Clark's prior convictions under Fed. R. Evid. 404(b).

The second motion will seek to exclude various papers, photographs and lists that investigators recovered from Mr. Clark's living area under Fed. R. Evid. 402 and 403. Those lists included names of websites that the Government may allege shows Mr. Clark's knowledge, motive, or absence of mistake. But the names on a list (e.g., "Boyz.com") do not themselves establish that these sites were pornographic or were associated with child pornography, or that Mr. Clark was a consumer or possessor of child pornography, or that he was so motivated to possess child pornography or that he had knowledge that he possessed child pornography.

IV. Trial Management Issues

    A.  Stipulations:

Mr. Clark will stipulate to <u>some</u> of the interstate commerce issues as they relate to manufacture location of the videotapes and computer hard disk. Defense and government counsel have discussed this and those stipulations are being prepared. As counsel prepares further for trial, counsel is prepared to agree to additional stipulations.

    B.  Anticipated Trial Length.

Mr. Clark's principal witness is Ms. Loehr's. The defense may call other witnesses, including the defendant, but examination of those witnesses is not expected to be lengthy. I anticipate that this case will take less than four days allotted on the trial calendar.

Dated this 7th Day of January 2011

        <u>/s/ Theodore G. Fletcher</u>
        Theodore G. Fletcher
        Attorney for Matthew Clark

Theodore G. Fletcher
CJA Panel Attorney
ME. Bar Lic. 9358
P.O. Box 8
Southwest Harbor, ME 04679
(207)-244-5225
law@tgfletcher.us

CERTIFICATE OF SERVICE

I, Theodore G. Fletcher, attorney for Matthew Clark, hereby certify that I have served electronically a copy of the within "Unopposed Motion for Enlargement of Time, Speedy Trial Waiver and Incorporated Memorandum" upon Richard Murphy, Esq. Deputy United States Attorney, United States Attorney's Office, 100 Middle Street, 6th Floor, East Tower, Portland, Maine 04101 and Craig Wolff, Esq. Assistant United States Attorney, United States Attorney's Office, 100 Middle Street, 6th Floor, East Tower, Portland, Maine 04101 via the ECF system

Date:  7 January 2011                                     /s/ Theodore G. Fletcher
                                                          Theodore G. Fletcher
                              `