# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:10-cr-62-GZS |
| MATTHEW G. CLARK, | ) |
| | ) |
| Defendant. | ) |

## FINDINGS OF FACT FOLLOWING BENCH TRIAL

The Indictment in this matter charges Defendant Matthew G. Clark with two counts of possession of child pornography. Count One relates to the possession of certain videotapes. Count Two relates to images found on a computer. On December 20, 2010, Defendant waived his right to a jury trial. The Court commenced a bench trial in this matter on January 24, 2011. At the close of the evidence, Defendant requested specific findings of fact in accordance with Federal Rule of Criminal Procedure 23(c). Thus, the Court finds the following specific facts established beyond a reasonable doubt based on the evidence presented during the bench trial:

1.  In January 2008, Defendant Matthew Clark, along with his dog, Baldy, resided in a second floor living space at a house in Somerville, Maine. Defendant's mother, Fern Clark, maintained living space on the first floor of the house and at various times operated a kennel business on the premises.

2.  On January 19, 2008, the State of Maine Animal Welfare Program, along with the Lincoln County Sheriff's Department, executed a search warrant on the Clark home for the

express purpose of finding evidence of animal cruelty. During the execution of the search warrant, both video and still photographs were taken to document the conditions found in the residence. (Gov't Exs. 1, 2, 3, 6.) One such photo documents a dog found in the second floor living area of Matthew Clark. (Gov't Ex. 4.) Ultimately, state authorities found sixty-eight small dogs (two of which were dead) during their search of the Clark home.

3. Although the initial search was undertaken as part of an animal welfare investigation, members of the search team located loose photographs (in envelopes) and handwritten lists of websites that appeared to be indicative of someone searching for and collecting child pornography. (Gov't Exs. 19-23.) All of these items were found in the second floor living space. As a result of these discoveries, another search warrant was obtained and a more extensive search of the second floor living space was conducted resulting in the seizure of the previously described materials as well as computers, a camcorder and multiple VHS tapes.

4. As relevant to this case, all of the items seized from Matthew Clark's living area, including the computer (Gov't Ex. 15 & 15A), the camcorder (Gov't Exs. 13 & 13A) and the VHS tapes (Gov't Exs. 16 & 17), were solely, knowingly and intentionally possessed by Matthew Clark in the time period prior to the search.

5. Per the stipulation of the parties, the hard drive at issue in this case (Gov't Ex. 15A) and at least two of the VHS tapes received into evidence (Gov't Exs. 16 & 17) were manufactured outside of Maine and, thus, traveled in interstate commerce. (Gov't Ex. 53.)

**I.    COUNT ONE**

6. Two particular VHS tapes (Gov't Exs. 16 & 17) serve as the basis for Count One of the Indictment.

7. Government Exhibit 16 contains video clips that include depictions of sexually explicit conduct and lascivious exhibition of the genital area of multiple individuals. Dr. Olshan, a pediatric endocrinologist, credibly testified that multiple individuals in these depictions were below the age of eighteen. The Court's own review of the video clips confirms that the individuals depicted are, in fact, minors. Additionally, Special Agent Eric Brelsford credibly testified that at least portions of these video clips contained images that have been previously identified by the National Center for Missing and Exploited Children as part of the "Hotel and Dalmatians Series." Agent Brelsford readily identified four minors depicted in the video as actual minors that he met as part of the "Hotel and Dalmatians Series" investigation in Wisconsin, which was completed between January 2004 and March 2005. In short, there is ample evidence that Government Exhibit 16 contains images of child pornography.

8. Government Exhibit 17 contains video clips that include depictions of sexually explicit conduct and lascivious exhibition of the genital area of multiple individuals. Dr. Olshan identified one of the naked males in particular video clips as under the age of eighteen. The Court's own review of the video clips confirms that that individual is, in fact, a minor. Additionally, Detective James Boylan identified the same clips as part of the National Center for Missing and Exploited Children's "Devon Series" and credibly identified one minor as a victim he had met during a 2004 investigation. In short, there is ample evidence that Government Exhibit 17 contains images of child pornography.

9. For both videos (Government Exhibits 16 & 17), it plainly appears that these tapes were made using a camcorder to capture video as it was displayed on an actual computer monitor. In fact, a VHS camcorder (Gov't Ex. 13) and a charger for the camcorder (Gov't Ex. 13A) were in the possession of Matthew Clark and Government Exhibits 16 and 17 fit in that camcorder.

10.     When Matthew Clark was interviewed by Agent McFetridge the day following the search, he acknowledged the VHS tapes seized from his living space the prior day (twenty-eight tapes in all) were his tapes.

11.     The evidence pertaining to the videos in this case additionally includes "background noise" picked up during the recording process. Upon close examination at various points, one hears dogs barking and what can be identified as Matthew Clark's voice as he yells at his dog and makes phone calls. This background noise, combined with all of the other credible evidence, leads the factfinder to conclude beyond all reasonable doubt that Matthew Clark voluntarily and intentionally produced and possessed Government Exhibits 16 and 17 knowing that the tapes contained child pornography.

12.     Additionally, the circumstantial evidence combined with the testimony of law enforcement witnesses establishes beyond a reasonable doubt that the images recorded on Government Exhibits 16 and 17 were transmitted over the Internet.

## II.     COUNT TWO

13.     All of the alleged child pornography that serves as the basis of Count Two was found on a computer entered into evidence as Government Exhibit 15 and 15A.[1]

14.     Prior to its January 19, 2008 seizure, this computer had been intentionally possessed and used solely by Matthew Clark since at least 2006. The latest operating system (Windows 2000) was installed on March 18, 2007. The computer tower was originally built by Roger Clark,

---

[1] Government Exhibit 15A is the Maxtor hard drive that was installed in the computer tower. Roger Clark, Matthew's brother and original builder of the computer, testified that he would have either purchased this hard drive on-line or through State of Maine surplus. To the extent the evidence at trial established that Roger Clark may have purchased a used hard drive from the State, the evidence establishes beyond a reasonable doubt that the hard drive would have been fully cleaned as part of a "full format" process prior to be being sold.

Matthew's brother, at least seven or eight years ago. Roger initially gave the computer to David Clark, another Clark brother. David, in turn, gave the computer to Matthew about six years ago.

15. The Government's Computer Forensic Examiner, Detective Scott Bradeen, conducted an extensive forensic analysis of this computer. In addition to the images discussed in detail below, Bradeen's investigation uncovered significant internet activity on Clark's computer that was indicative of the computer being used to search the Internet for child pornography[2] as well as the use of peer-to-peer networks, which Bradeen testified, is a primary source for child pornography. (Gov't Ex. 51.)

16. In addition to all of the evidence obtained from the computer itself, the handwritten notes found in Clark's living space contained names of websites that are indicative of on-line searches for child pornography. (Gov't Exs. 21-23.) Some of the websites contained on these handwritten lists match websites printed on images that were found in Clark's hard drive. (Gov't Exs. 49A-49F.)[3] These items provide circumstantial evidence that Clark was using the computer to come into possession of child pornography.

17. At trial, the Government indicated that it is specifically relying on two videos (Gov't Exs. 35 & 50) and fifteen still images (Gov't Exs. 34A-34C, 36-38, 40-48) as the "images of child pornography" for purpose of Count II.[4]

18. Government Exhibit 35 is a short video found in the recycle bin of Clark's hard drive. The video contains two males engaging in sexually explicit conduct. Based on the testimony of

---

[2] To the extent Defendant's computer forensic expert, Tami Loehrs, attempted to rebut some of this testimony, the Court finds Detective Bradeen's testimony on this subject to be more credible.

[3] The Government has not sought to prove that Exhibits 49A-49F are, in fact, images of child pornography. Additionally, there is no dispute that Exhibits 49A-49F were located on the unallocated space of Clark's hard drive.

[4] On the record presented, the Court declines to find beyond a reasonable doubt that Exhibits 37 and 40, both of which depict males urinating, are child pornography. While such images may well be considered a lascivious display of the genitals, the Court need not resolve that question on the current record.

Dr. Olshan and having viewed the video, the Court finds beyond a reasonable doubt that Exhibit 35 contains images of child pornography. The computer forensic examination conducted by the Government determined that this video file was initially created on November 10, 2007, that it was "last written" on December 18, 2007, and that it was sent to the recycle bin on January 17, 2008. (Gov't Ex. 39.) The location of the file and general pattern of computer activity establish that this video was received by way of Internet transmission.

19. Government Exhibit 50 is a collection of five video clips found in the unallocated space on Clark's hard drive. Each of the clips contains one or more individuals; some of the clips involve a lascivious exhibition of the genitals and other clips involve sexual intercourse or masturbation. It is clear based on Dr. Olshan's testimony and the Court's viewing of the clips that the individuals depicted are under the age of eighteen. Additionally, Special Agent Brelsford indentified one clip as a depiction of three minors that he has personally met as part of his 2004-2005 investigation into what the National Center for Missing and Exploited Children refers to as the "Hotel and Dalmatian Series." In short, there is ample evidence that Exhibit 50 contains more than one image of child pornography and that those images were at one point transmitted over the Internet.

20. Government Exhibits 41 though 48 consist of eight still images found in the unallocated space of Clark's hard drive. Exhibit 48 depicts two individuals engaged in sexual intercourse. Exhibits 41 through 47 each depict a number of different individuals (some male, some female) in various states of undress and engaged in a lascivious display of the genital area. Based on the Court's review of the images and the testimony of Dr. Olshan, the evidence establishes beyond a reasonable doubt that Exhibits 41 through 48 depict individuals under the age of 18 and, thus, contain images of child pornography. With respect to Exhibits 44 and 46, Special Agent

6

Brelsford also identified the minor depicted in these two images as a known victim from the "Hotel and Dalmatians Series" whom Brelsford has personally interviewed. Similarly, Detective Bradeen testified that the minor depicted in Exhibit 41 is a victim that has been previously identified by the National Center for Missing and Exploited Children.

21. Exhibits 34A, 34B and 34C are still images located in the recycle bin of Clark's computer. All three images depict the same two naked males, at least one of whom appears to be masturbating. Based on the Court's own review of the images with due consideration of the Tanner Scale evidence received, the males depicted are undoubtedly under the age of 18. The evidence establishes beyond a reasonable doubt that these three images are child pornography.

22. According to the computer forensic examination, these three photo files (Gov't Exs. 34A, 34B & 34C) were located in allocated space in Clark's hard drive. Each file was created on December 27, 2007 and deleted on or about January 18, 2008. (Gov't Ex. 39.)

23. Government Exhibits 36 and 38 are scanned images, also referred to during trial as ".max files."[5] Each image depicts a single male engaged in a lascivious display of his genitals. Based on the Court's own review of the images in light of all of the other evidence received, the Court concludes the images depict individuals who are under the age of 18. Thus, the evidence establishes beyond a reasonable doubt that Exhibits 36 and 38 are images of child pornography.

24. Exhibits 36 and 38 were located in the scanner software folder in the first container of the hard drive; as such, the images were accessible to a user of Clark's computer. According to the forensic evaluation conducted by both Detective Bradeen and Defendant's own expert, Tami Loehrs, Government Exhibits 36 and 38 were created on Clark's computer sometime between August 27, 2007 and January 5, 2008. Each image was "last written" or viewed at the time it

---

[5] As previously indicated, the Court declines to find beyond a reasonable doubt that Exhibit 37, which depicts a male (under the age of 18) urinating, is child pornography on the record presented.

was created. All three images were "last accessed" at precisely 1:17 AM on January 17, 2008. (Gov't Ex. 39 & Def. Ex. 2.)

25. With respect to these two scanned files (Gov't Exs. 36 & 38), to the extent Clark's expert attempted to suggest the images were somehow incomplete, the Court finds that testimony not credible and instead credits the testimony of Detective Bradeen, the Government's computer forensic expert. Detective Bradeen testified that he was able to view the full image for both exhibits when using the scan soft software, which was also found to be loaded on Matthew Clark's computer. In short, the evidence establishes beyond a reasonable doubt that Matthew Clark knew that the images contained in Government Exhibits 36 and 38 were on his computer and that he exercised control over those images.

26. The Court, as factfinder, also concludes that Clark knowingly possessed the images and video found in his recycle bin (Gov't Exs. 34A, 34B, 34C & 35). The recycle bin was located in an allocated space on the hard drive and accessible to Clark.[6] At best, the evidence suggests that Clark moved these items to the recycle bin of his computer between January 17, 2008 and January 18, 2008. Notably, Clark indicated in his interview with Detective McFetridge that he knew that authorities were coming to the Clark home in connection with a search warrant for the dogs. Thus, the credible evidence proves at least that Clark was well aware of this child pornography and was attempting to hide the items on his computer in the days leading up to January 19, 2008.

27. The remaining items of child pornography that the Government presents to make its case (Gov't Exs. 41-48 & 50) were all located in the unallocated space of Clark's hard drive. According to Loehrs, Defendant's forensic expert, a typical user cannot access this area of the

---

[6] In his interview with Detective McFetridge, Matthew Clark indicated he was an experienced computer user and that he had the technology and ability to completely erase items off of his computer.

hard drive without special tools. The Government did not rebut this testimony.[7] However, the Government's forensic expert, Detective Bradeen, did explain that data ends up in the unallocated space either through deletion or, sometimes, as the result of the reinstallation of the operating system.

28. In short, the trial record establishes beyond any reasonable doubt that the child pornography located in the unallocated space of Clark's hard drive, even if no longer readily accessible to him, was at one time in his possession and control. Thus, at the very least, the child pornography found in the unallocated space provides further compelling evidence that Clark was collecting and possessing child pornography on his computer.

29. If the Court's sole evidence in this case were the items of child pornography found in the unallocated space (Gov't Exs. 41-48 & 50), the Court might need to address difficult legal issues as to whether Clark was knowingly possessing this specific child pornography on his computer on or about January 19, 2008. However, in light of the other evidence that Clark had child pornography in the allocated space of his computer (both as scanned files and as files recently moved to the recycle bin), the Court need not answer those questions.

30. Rather, the credible evidence presented at trial establishes beyond any reasonable doubt that: (1) Defendant Matthew Clark knowingly possessed a computer containing Government Exhibits 34A, 34B, 34C, 35, 36 and 38; (2) that he knew that these images of child pornography were on the computer and had the ability to access and possess these images; and (3) that one or more of these images, as well as the hard drive itself, had traveled in interstate commerce.

---

[7] In fact, the Forensic Synopsis of Detective Bradeen contains the following explanation for items recovered from the unallocated clusters: "Due to the absence of a File Directory Entry for these files, no additional information about the files is available such as file name an[d] date and times associated with the files." (Gov't Ex. 32 at 3.)

9

**III. CONCLUSION**

In addition to the specific findings made above, the Court finds that all of the other facts and credible evidence presented at trial support the Court's verdict in this case. Therefore, the Court hereby finds Defendant Matthew Clark GUILTY of both Count One and Count Two of the Indictment.

SO ORDERED.

/s/ George Z. Singal<br>United States District Judge

Dated this 27th day of January, 2011.