```
 1              UNITED STATES DISTRICT COURT

 2                   DISTRICT OF MAINE

 3      _____

 4    UNITED STATES OF AMERICA,        CRIMINAL ACTION

 5           Plaintiff          Docket No:  2:10-00062-GZS

 6

 7        -versus-

 8

 9    MATTHEW G. CLARK

10           Defendant
        _____
11
                 Transcript of Proceedings
12

13    Pursuant to notice, the above-entitled matter came on
      for Hearing held before THE HONORABLE GEORGE Z. SINGAL,
14    United States District Court Judge, in the United
      States District Court, Edward T. Gignoux Courthouse,
15    156 Federal Street, Portland, Maine, on the 20th day of
      December 2010 at 3:50 P.M. as follows:
16

17    Appearances:

18    For the Government:   Craig M. Wolff, Esquire
                            Richard W. Murphy, Esquire
19                          Assistant United States Attorneys

20    For the Defendant:  Theodore G. Fletcher, Esquire

21

22
                 Lori D. Dunbar, RMR, CRR
23               Official Court Reporter

24         (Prepared from manual stenography and
              computer aided transcription)
25
```

```
 1                  (Open court.  Defendant present.)
 2             THE COURT:  We're here in Criminal Docket
 3   10-62-P-S, United States of America versus Matthew
 4   Clark.  I understand we're here because Mr. Clark
 5   wishes to waive jury trial; is that correct?
 6             MR. WOLFF:  That's correct, Your Honor.
 7             MR. FLETCHER:  That's correct, Your Honor.
 8             THE COURT:  Counsel enter your appearance,
 9   please.
10             MR. WOLFF:  Good afternoon, Your Honor, Craig
11   Wolff and Richard Murphy for the United States.
12             MR. FLETCHER:  Theodore G. Fletcher for the
13   defendant.
14             THE COURT:  And you are Matthew Clark; is that
15   correct?
16             THE DEFENDANT:  Yes, Your Honor.
17             THE COURT:  All right.  Keep standing so I can
18   talk to you.
19             THE DEFENDANT:  Yes, sir.
20             THE COURT:  Move the mic up, if you would,
21   Mr. Fletcher, so I can hear him.
22        How old are you?
23             THE DEFENDANT:  59.
24             THE COURT:  How far did you go in school?
25             THE DEFENDANT:  Two years of college.
```

```
1              THE COURT:  How are you employed?
2              THE DEFENDANT:  Self.
3              THE COURT:  What do you do?
4              THE DEFENDANT:  I'm an electrician.
5              THE COURT:  And you're the defendant in this
6    matter?
7              THE DEFENDANT:  I am.
8              THE COURT:  And you're represented here today
9    by your attorney, Mr. Fletcher; is that right?
10             THE DEFENDANT:  Yes, sir.
11             THE COURT:  Do you authorize him to speak for
12   you?
13             THE DEFENDANT:  Yes, sir.
14             THE COURT:  I understand you wish to waive
15   jury trial in connection with this indictment; is that
16   correct?
17             THE DEFENDANT:  I do.
18             THE COURT:  Have you had an opportunity to
19   discuss with your counsel the issues relating thereto?
20             THE DEFENDANT:  I have.
21             THE COURT:  Mr. Fletcher, are you satisfied
22   that your client understands the nature and
23   significance of his waiver of jury trial?
24             MR. FLETCHER:  Yes, Your Honor.  We've had
25   several conversations, most recently a week ago
```

1    Saturday, for several hours, weighing the pros and
2    cons, the nature of the evidence the Government would
3    bring, and how that would affect a jury one way or the
4    other.
5            THE COURT:  And, Mr. Fletcher, are you
6    prepared to recommend my acceptance of his tendered
7    waiver of a jury trial?
8            MR. FLETCHER:  I am.
9            THE COURT:  The clerk may inquire at this
10   time.
11           THE CLERK:  Matthew Clark, is it your desire
12   to waive your Constitutional legal right to a jury
13   trial in connection with this proceeding and to submit
14   the matter to trial before the Court sitting without a
15   jury?
16           THE DEFENDANT:  It is.
17           THE CLERK:  It is, Your Honor.
18           THE COURT:  Thank you.
19       Mr. Clark, do you understand that you have a right
20   under the Constitution, under the laws of the United
21   States, to trial by jury on the charge contained in
22   this indictment?
23           THE DEFENDANT:  I do.
24           THE COURT:  And do you understand that you
25   have the right to assistance of counsel at this trial?

```
 1                THE DEFENDANT:  Yes, sir.
 2                THE COURT:  Do you understand that if you
 3    don't have the money to obtain the assistance of
 4    counsel you have the right to have counsel provided for
 5    you at government expense?
 6                THE DEFENDANT:  Yes, sir.
 7                THE COURT:  Do you understand that under -- if
 8    you were before a jury you would be presumed to be
 9    innocent; do you understand that?
10                THE DEFENDANT:  Yes, sir.
11                THE COURT:  Do you understand that at this
12    trial the Government would have to produce evidence to
13    prove you guilty beyond a reasonable doubt before the
14    jury could find you guilty of this offense?
15                THE DEFENDANT:  I do.
16                THE COURT:  Do you understand that you would
17    not have to prove your innocence in any respect at this
18    trial?
19                THE DEFENDANT:  I do.
20                THE COURT:  At this trial the witnesses for
21    the Government would have to come into open court and
22    testify in front of you and in front of your attorney;
23    do you understand?
24                THE DEFENDANT:  Yes, sir.
25                THE COURT:  At this trial your attorney would
```

```
 1    have the right before the jury to cross-examine every
 2    witness for the Government and to object to any
 3    evidence offered by the Government against you.  Do you
 4    understand that?
 5              THE DEFENDANT:  Yes, sir.
 6              THE COURT:  At this trial you would have a
 7    right to testify; you would also have a right not to
 8    testify.  If you decide not to testify, I will at your
 9    request instruct the jury that they can raise no
10    inference or any suggestion of guilt from the fact that
11    you didn't testify.  Do you understand that?
12              THE DEFENDANT:  I do.
13              THE COURT:  At this trial the jury would be
14    composed of 12 members of the surrounding community to
15    listen to your case.  Do you understand that?
16              THE DEFENDANT:  Yes, sir.
17              THE COURT:  And they would be chosen to be on
18    this jury in part because they would have no prior
19    knowledge of any of the facts in this case and that
20    they could be impartial in listening to the evidence
21    against you.  Do you understand that?
22              THE DEFENDANT:  I do.
23              THE COURT:  Do you understand that during the
24    selection of this jury you would be allowed to and your
25    counsel would be allowed to participate in its
```

```
 1    selection?
 2              THE DEFENDANT:  I do.
 3              THE COURT:  And I want you to understand that
 4    in reaching a verdict the jury would be required by the
 5    law to be unanimous, in other words, all of the jurors
 6    would have to agree to the verdict.  Do you understand
 7    that?
 8              THE DEFENDANT:  I understand.
 9              THE COURT:  And that for you to be convicted
10    all 12 members of the jury must agree that the
11    Government has proved their case beyond a reasonable
12    doubt.  Do you understand that?
13              THE DEFENDANT:  I do.
14              THE COURT:  I want you to understand that if
15    you waive or give up your right to a jury trial, as
16    you're attempting to do, that this Court alone will
17    ultimately decide your guilt or innocence for the
18    charge set forth in the indictment; do you understand
19    that?
20              THE DEFENDANT:  I do.
21              THE COURT:  I want you to understand that if
22    you submit this matter to determination by this Court
23    sitting without a jury and you're unhappy with that
24    result, you will not then be permitted to request a
25    jury trial and to do the whole process over.  Do you
```

```
 1    understand that?
 2              THE DEFENDANT:  Yes, sir.
 3              THE COURT:  Now, in view of everything that
 4    I've explained to you, do you still wish to waive a
 5    jury trial and submit the determination of your guilt
 6    or innocence to a trial before the Court sitting
 7    without a jury?
 8              THE DEFENDANT:  Yes, Your Honor.
 9              THE COURT:  Defendant will sign the waiver.
10    Has the waiver been signed yet?
11              MR. WOLFF:  Your Honor, the --
12              THE COURT:  The Government is signing the
13    waiver?
14              MR. WOLFF:  Yes, Your Honor, I will at this
15    time.
16              THE COURT:  All right.  And, Mr. Fletcher, is
17    it still your position to recommend my acceptance of
18    his waiver of jury trial?
19              MR. FLETCHER:  It is, Your Honor.
20              THE COURT:  And the Government's position is
21    that they consent?
22              MR. WOLFF:  That's true, Your Honor, yes.
23              MR. FLETCHER:  May I be heard for one brief
24    moment?
25              THE COURT:  You may.
```

```
 1              MR. FLETCHER:  It does not affect the decision
 2   that's been made.  I would just point out and it should
 3   be on the record that the Adam Walsh Act makes this a
 4   very difficult decision for my client because he has
 5   not seen the evidence against him.  I have.  And I have
 6   offered my best assessment of that evidence in making
 7   this decision for him and in position to be -- for him
 8   to go before a jury.  I think that should be on the
 9   record in case this comes up later on.
10              MR. MURPHY:  Your Honor, I do wish to point
11   out that, even pursuant to the Adam Walsh Act, should
12   the defendant wish to view the evidence the defendant
13   may come to the Government's offices or to a neutral
14   third site, and we would permit him to view that.  I
15   just want to make --
16              THE COURT:  I think Mr. Fletcher understands
17   that.
18              MR. FLETCHER:  Yeah.
19              THE COURT:  Right?
20              MR. FLETCHER:  Yes, it's the tricky nature of
21   the evidence that drives this.
22              THE COURT:  All right, there being no
23   objection from the Government, the Court's satisfied
24   the defendant does understand the nature and substance
25   of his right to a jury trial and the rights associated
```

```
 1   with it and that he knowingly and understandingly and
 2   with a full comprehension of the significance of his
 3   act, asking the Court to be permitted to waive or give
 4   up the right of a jury trial and all the rights
 5   associated with it, this Court will permit the waiver
 6   of jury trial and will accept the tendered waiver.
 7   This matter will be set for a nonjury trial.  We are
 8   set to start I think January --
 9             MR. WOLFF:  24th, Your Honor?
10             THE COURT:  24th, that's correct,
11   January 24th.  And is four days enough?  Government?
12             MR. WOLFF:  Yes, Your Honor, I believe so.
13             MR. FLETCHER:  I believe it will be, Your
14   Honor.  I have a trial brief due next Monday, and I'm
15   still working with an expert out in Tucson, Arizona,
16   Ms. Loehrs, and we're trying to determine a particular
17   set of the evidence by labeling.  It's an issue --
18   she's unclear about what exactly the Government's
19   bringing in.  I've seen it but I'm unable to help her
20   because it's not labeled in a way that's helpful to
21   her.  And so I may need to move for an extra couple
22   days to put together my trial brief next week, and I'm
23   wondering if that might be possible.
24             THE COURT:  Why don't we set the trial brief
25   for January 7th.
```

```
 1                MR. FLETCHER:  That would be great.
 2                THE COURT:  Trial briefs by January 7th.
 3    Motions in limine by January 7th.  Any responses by
 4    January 14.  And I'll set aside four full days for this
 5    trial.
 6                MR. FLETCHER:  I do not anticipate we'll need
 7    four full days, but we probably should plan for that.
 8                THE COURT:  I'll reserve it and then we'll
 9    have enough time.  We were originally scheduled for
10    five days for a jury, but I don't see any need to go to
11    that extent.
12                MR. WOLFF:  I agree, Your Honor.
13                THE COURT:  Do you agree?  Very good.
14    Anything else from the Government?
15                MR. WOLFF:  No, Your Honor.
16                THE COURT:  Did I miss anything?
17                MR. WOLFF:  No, Your Honor.
18                THE COURT:  Defendant, anything?
19                THE DEFENDANT:  I'm fine, sir.
20                THE COURT:  Very good.  We're in recess.
21                       (Time noted:  4:00 P.M.)
22
23
24
25
```

**C E R T I F I C A T I O N**

I, Lori D. Dunbar, Registered Merit Reporter, Certified Realtime Reporter, and Official Court Reporter for the United States District Court, District of Maine, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Dated: July 18, 2011

/s/ Lori D. Dunbar

Official Court Reporter